# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00369-CR

---

**Efrain Rodulfo, Jr, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2025-155C, THE HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain, appellant Efrain Rodulfo, Jr.[1] was convicted of evading arrest or detention with a vehicle and, after being enhanced to habitual-offender status, sentenced to twenty-five years' confinement. *See* Tex. Penal Code §§ 12.42(d), 38.04(a), (b)(2)(A). The trial court imposed appellant's sentence on November 18, 2025. On April 14, 2026, appellant filed pro se in the trial court a motion for an out-of-time direct appeal and a motion to obtain a copy of the record under the Freedom of Information Act. Both motions indicate that they were signed on April 2. We construe the former as a notice of appeal, which we must dismiss for want of jurisdiction because it is untimely.

---

[1] We use the name given on appellant's judgment of conviction. In his notice of appeal, he states his name is actually Rodulfo Efrain, Jr.

In criminal cases, a notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). The period is extended to within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. *Id.* R. 26.2(a)(2). An appellate court may also extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files in the trial court the notice of appeal and files in the appellate court a motion for extension of time to file his notice of appeal. *Id.* R. 26.3.

Because appellant did not file a motion for new trial, his notice of appeal was due by December 18, 2025. *See id.* R. 26.2(a)(1). He did not file a motion for extension of time. Consequently, his notice of appeal is untimely, and we have no discretion to do anything other than dismiss the appeal.[2] *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (explaining that "[a] notice of appeal which complies with the requirements of Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction" and that if appeal is not timely perfected, "a court of appeals does not obtain jurisdiction to address the merits of the appeal" and "can take no action other than to dismiss the appeal"); *see also Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (noting that "one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure").

---

[2] The remedy for an untimely notice of appeal is to file an application for post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.072; *Lucero v. State*, No. 03-20-00064-CR, 2020 WL 938976, at *1 n.1 (Tex. App.—Austin Feb. 27, 2020, no pet.) (mem. op., not designated for publication).

Moreover, a court of appeals "must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record." *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 25.2(a)(2), (d). The trial court has certified that (1) this is a plea-bargain case for which appellant has no right of appeal and that (2) appellant has waived the right of appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. Appellant's motion to obtain records is dismissed as moot. *See Gonzalez v. State*, No. 13-17-00449-CR, 2017 WL 4173659, at \*1 (Tex. App.—Corpus Christi–Edinburg Sep. 21, 2017, no pet.) (mem. op., not designated for publication) (dismissing motion for copy of record as moot after dismissing untimely appeal for want of jurisdiction); *Lee v. State*, No. 10-11-00172-CR, 2011 WL 2480696, at \*1 (Tex. App.—Waco June 15, 2011, no pet.) (mem. op., not designated for publication) (same).

_____
Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed: April 28, 2026

Do Not Publish

3